Turley, J.
delivered the opinion of the court.
It appears from the record in this case, that one B. F. Williamson executed his bill single, to S. Allen, bj which he bound himself to pay one hundred and twenty-five dollars and sixteen cents, six months after date, viz, Oec. 14th, 1846. And this bill single was after-wards assigned to S. W. Taliaferro, by said Allen. It further appears that on the 24th day of January, 1848, B. F. Williamson wrote on the bill single, the words and figures following:
*273 “ A. D. Witherspoon, Esquire: I confess judgment on this note. January 24th, 1848. B. F. Williamson.”
Upon this A. D. Witherspoon, a justice of the peace •for Montgomery county, to whom the above endorsement on the bill single, by B. F. Williamson, was directed, gave judgment 'in the words following:
Sami. W. Taliaferro, ) vs. > On note. B. F. Williamson, ) "
By authority of defendant’s order, directed to me, dated this day, I give judgment for plaintiff, against defendant, for amount of note and interest; one hundred and twenty-nine dollars and thirty-eight cents and costs. 24th January, 1848. Stayed by O, W. Herring. Jan’y 28th.”
Upon this judgment execution was issued against the stayor, O. W. Herring, who removed the same upon petition to the circuit court of Montgomery county; this petition, upon hearing, was dismissed by the circuit judge, and thereupon the petitioner appealed to this court.
Two questions are now presented for our consideration.
1st. It is contended that the judgment rendered by the justice, Witherspoon, against Williamson, the defendant, is void, because it purports to be made upon confession, when the writing, by Williamson, upon the bill single, is no authority to confess judgment, and is no confession of judgment in fact, because not made in person to the justice.
If this were a question directly upon the judgment, made by Williamson in an attempt to vacate it, it must be admitted not to be without difficulty. But being as it is, collateral to the judgment, and by one (to *274 wit, the stayor) not authorised to question its validity, if the principal submit to it, we think it is free from difficulty. Because, we think the judgment is not void, but voidable, at Williamson’s election. If the judgment purporting to be upon confession, were given without sufficient legal authority, certainly if Williamson thinks proper to submit to it, no one else has a right to complain ; and that he did think proper to submit to it, is evidenced not only by his not attempting to set it aside by an appeal, or otherwise, but by his procuring the petitioner, O. W. Herring, to stay it for him.
2d. It is contended that, in as much as the judgment was rendered on the 24th of January, 1848, and stayed on the 28th, the stay was given without legal authority; the time having elapsed during which the justice was authorised to receive the same; and that, therefore, 0. W. Herring, the stayor, is not responsible for the judgment.
This would be unquestionably true, if it were not for the provisions of the act of 1842, ch. 136, sec. 4, which, in our opinion,, allowed the stay notwithstanding the lapse of the time before it was given, viz, two days, as previously fixed by law.
This statute allows a stay, by the consent of the plaintiff, as well after as before the time previously fixed; and we think the plaintiff’s consent to this stay is sufficiently proven: indeed, in the absence of proof to the contrary, we think it would always be presumed.
Let the judgment be affirmed.